IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| CYNTHIA MCKNIGHT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 9:04-CV-116 |
| v. | § | |
| | § | |
| THE PURDUE PHARMA COMPANY; | § | JUDGE RON CLARK |
| PURDUE PHARMA LP; PURDUE | § | |
| PHARMA INC.; PURDUE FREDERICK | § | |
| COMPANY; PF LABORATORIES INC.; | § | |
| | § | |
| *Defendants*. | § | |

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION TO STRIKE

Before the court is the Purdue Defendants' Motion for Summary Judgment [Doc. #206]. Plaintiff has not responded to the motion. Plaintiff has filed a Motion to Strike [Doc. #210] the summary judgment as being filed untimely. Defendants have not moved the court for leave to file the summary judgment. This motion, which appears to be a rehashing of Defendants' original motion, has been filed five weeks before trial. The motion is untimely and the court denies the motion.

## I. Background and Procedural History

Plaintiff Cynthia McKnight ("McKnight") filed suit December 24, 2003 in the Southern District of Illinois. Judge G. Patrick Murphy transferred the case to the Eastern District of Texas on June 10, 2004. The case was stayed pending the Judicial Panel on Multidistrict Litigation's decision as to consolidation of OxyContin cases. The JPML declined to consolidate the cases on October 18, 2005.

This court granted in part Defendants' motion for summary judgment on November 21, 2005 [Doc. #162].  The sole remaining cause of action was based upon an alleged breach of implied warranty of merchantability.  After the Order was docketed, the court held a phone conference with all parties regarding scheduling of the case.  The court, in response to Defendants' inquiry about another summary judgment motion, stated that it would consider new facts or theories if there was a request to file a new motion, but that it did not want a "rehash" of what had already been filed.  Defendants have now re-filed what appears to be their originally filed summary judgment, without leave.  Plaintiff moves to strike this motion as being untimely.

## II. Analysis

The fact that the court is denying Defendants' motion should not come as a surprise to Defendants.   As both parties are well aware, multiple cases are set on each month's docket.  That is precisely why the court sets the dispositive motion deadlines well in advance of docket call.  This case had a dispositive motion deadline of June 3, 2005.  Defendants filed a lengthy motion for summary judgment on June 3, 2005.  That motion has been ruled on by the court.

By filing another lengthy motion for summary judgment (plus three inches of exhibits), Defendants have established that they do not have an argument that would easily dispose of the case.  If there really was a "silver bullet" issue which would summarily determine the case, counsel would have concisely asserted it.  They have not done so.

Summary judgments are granted when there are no issues of material fact.  Usually a Defendant knows, soon after reviewing the original complaint, the issues upon which a motion will  be filed, and can plan discovery to support the motion.  The fact that the parties decided on

a leisurely approach to filing this second motion for summary judgment is not a good reason to require Plaintiff to delay trial preparation and prepare a response.

Filing late dispositive motions, responses, and replies will not guarantee a ruling before trial.  There is no just reason Defendants could not have filed this motion earlier.  The Defendants waited over four months after the phone conference to file this motion.  This court is obligated to administer the Rule of Procedure "to secure the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1.  At this point, the parties are days away from filing the Joint Final Pre-trial Order and Motions in Limine.  The parties have already filed Video Deposition Designations.  This case is almost ready for trial and the court sees no reason to waste any more time on late motions.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment **[Doc. #206]** is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike **[Doc. #210]** is **GRANTED**.

So **ORDERED** and **SIGNED** this **5**   day of **April, 2006.**

_____
Ron Clark, United States District Judge

3